101 F.3d 109
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Joshua D. BERRY, Plaintiff-Appellant,
v.
Susan V. DEMERS, John E. Robitzek, Robert Tengeler, Antone
R. Silva, Raul A. Tabora, Jr., and Holly
Hartstone, Defendants-Appellees.
 No. 95-7824.
 United States Court of Appeals, Second Circuit.
 March 26, 1996.
 
 1
 JOSHUA D. BERRY, New York, New York, pro se.
 
 
 2
 APPEARING FOR APPELLEES: June Duffy, Assistant Attorney General of the State of New York, New York, New York, for Appellees Demers, Robitzek, Tengeler, Silva, and Tabora.
 
 
 3
 Regis E. Staley, Jr., Garden City, New York, for Appellee Hartstone.
 
 
 4
 Before LUMBARD, MAHONEY, Circuit Judges, and RICHARD OWNE, District Judge.*
 
 
 5
 Honorable RICHARD OWEN,
 
 
 6
 Appeal from the United States District Court for the Southern District of New York (Kimba Wood, Judge ).
 
 
 7
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued.
 
 
 8
 ON CONSIDERATION WHEREOF, IT IS ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 9
 1. Plaintiff-appellant Joshua D. Berry appeals pro se from a judgment entered July 18, 1995 that granted summary judgment in favor of defendants-appellees and dismissed Berry's civil rights action, brought pursuant to 42 U.S.C. § 1983, on the grounds that Berry's claims were barred by the doctrine of collateral estoppel. Berry had previously been employed as an attorney in the Medicaid Reimbursement Unit of the Division of Legal Affairs of the New York State Department of Social Services. Following his discharge from that position, Berry filed a petition for review in state court pursuant to Article 78 of the New York Civil Practice Law and Rules, claiming that he had been fired in retaliation for his exercise of his First Amendment right to free speech concerning matters relating to his employment. The New York Supreme Court, Appellate Division denied Berry's petition. Berry v. Perales, 195 A.D.2d 926, 600 N.Y.S.2d 838 (3d Dep't), appeal dismissed, 82 N.Y.2d 802, 624 N.E.2d 696, 604 N.Y.S.2d 558 (1993) (table). Berry filed a notice of appeal, which the New York Court of appeals dismissed sua sponte. Berry filed the instant action in the district court while his state court proceedings were still pending. Upon the termination of the state court proceedings, the district court granted defendants-appellees' motions for summary judgment, deeming the federal action precluded by the prior determination in state court. This appeal followed.
 
 
 10
 2. We affirm substantially for the reasons stated by the district court, see Berry v. Demers, No. 93 Civ. 2166(KMW), slip op. (S.D.N.Y. July 7, 1995), and in the thorough report and recommendation of Magistrate Judge Barbara A. Lee, see Berry v. Demers, No. 93 Civ. 2166(KMW)(BAL), slip op. (S.D.N.Y. May 10, 1995).
 
 
 11
 LUMBARD, U.S.C.J., MAHONEY and OWEN, U.S.D.J.
 
 
 
 *
 The Honorable Richard Owen, United States District Judge for the Southern District of New York, sitting by designation